UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN M. JOHNSON,
    Plaintiff,

v.                                             Case No. 15-CV-524

SECRETARY EDWARD WALL,
WILLIAM POLLARD,
CATHY JESS,
DEP. SEC. MORGAN - DOC,
JODINE DEPPISCH,
MICHELLE HENKEN,
CATHERINE KNUTESON,
JOHN BETT,
JAMES MUENCHOW,
C. KOENIG,
CAPTAIN CORE,
LAURA BONIS,
ANDREA UHERKA, and
GERALD KONITZER,
    Defendants.

## DECISION AND ORDER

Plaintiff, John M. Johnson, was a state prisoner when he filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He was released from Waupun Correctional Institution several days later. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

### I. Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Plaintiff has been assessed and paid an initial partial filing fee of $8.95. I will grant his motion for leave to proceed in forma pauperis.

## II. Screening

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citation omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

2

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, . . . 'that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions "must be supported by factual allegations." Id. If there are "well-pleaded factual allegations," the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

Plaintiff's complaint presents two entirely separate claims: (1) a due process claim regarding his security classification against defendants Michelle Henken and John Bett;[1] and (2) an Eighth Amendment deliberate indifference claim regarding a serious dental need. Normally, I would cite to George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), and allow plaintiff the opportunity to file an amended complaint with just one of his claims. Under George, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id. Here, however, there are serious problems with each of plaintiff's claims.

In his first claim, plaintiff asserts that his due process rights were violated when defendant Michelle Henken relied on "raw, unscrutinized, and false data to classify plaintiff to a maximum security prison" and when defendant John Bett denied plaintiff's appeal of the classification decision. Complaint at 3.

"In order for the due process clause to be applicable, there must be a protected liberty interest created by state law or regulation." Kincaid v. Duckworth, 689 F.2d 702, 704 (7th Cir. 1982) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). But not every "change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." Meachum, 427 U.S. at 224. Nor "does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system." Id. at 225.

---

[1] There are no allegations regarding any of the named defendants other than Henken and Bett.

Being subject to a higher security classification does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). And "a prisoner may be transferred from one state prison to another without implicating the inmate's liberty interest—even where the conditions of the destination prison are 'much more disagreeable' than those of the originating prison." Lekas v. Briley, 405 F.3d 602, 609-10 (7th Cir. 2005) (quoting Meachum, 427 U.S. at 225). For these reasons, plaintiff's due process claims are not viable.

In the second claim, plaintiff complains of deliberate indifference to his serious dental needs. However, neither of the dentists mentioned is named as a defendant in this case. Although Dr. Silverschmidt and Dr. John Schettle are mentioned in the "statement of claim" section of plaintiff's complaint, neither is listed in the caption of plaintiff's complaint or as one of the 14 defendants identified in the "parties" section. I an unable to add litigants on my own so I cannot make them defendants myself. See Myles v. United States, 416 F.3d 551 (7th Cir. 2005) (to make someone a party the plaintiff must specify him in the caption).

As written, neither of plaintiff's claims could proceed, but I will give plaintiff the opportunity to amend to name the proper defendant or defendants for his Eighth Amendment dental care claim.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative

5

complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915A. Failure to file an amended complaint may result in dismissal of this action for failure to prosecute.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 878 (7th Cir. 1992). "Section 1983 does not create collective or vicarious responsibility." Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on May 1, 2015, is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **Friday, October 23, 2015**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by October 23, 2015, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $341.05 balance of the filing

fee. Payments should be forwarded to the Clerk of Court and shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge